This is the time for on-bank re-hearing in the case of Fernandez-Ruiz v. Gonzalez. I understand that counsel are ready to proceed. The court wishes to advise at the outset that while there are a number of issues in the case, the court wishes to hear an argument directed principally at the question of whether a crime with a mens rea of recklessness can constitute a crime of violence under the relevant statute. So with that, the counsel for the appellant may proceed. Good morning, Your Honors. May it please the Court? My name is Erika Brokish. I'm here on behalf of Appellant Mr. Fernandez-Ruiz. I would like to reserve four minutes for rebuttal and cede eight minutes of my time to Lynn Marcus. I would like to first address some of the arguments that were raised in the government's supplemental brief specifically and take them point by point. One argument that the government repeatedly makes is that the legislative history of Section 16 seems to include common-law assault and battery and therefore would include recklessness as a crime of violence. However, I believe that even accepting this argument does not support the government's position that recklessness constitutes a crime of violence for two main reasons. One, I think it's somewhat dubious to rely on the legislative history given that the language of the statute is clear regarding the use of force. And if the language of the statute is clear, you don't even get to the legislative history. However, if you look at the legislative history, it would seem to include common-law assault, which was a willful, intentional crime, and perhaps common-law battery. Common-law battery, however, included negligence, which has already been decided by the Supreme Court in Leocal to be overly broad in terms of what is a crime of violence under Section 16. So therefore, even if you look at the legislative history to the Supreme Court in Leocal abandoned negligence in all cases or simply in DUI where there's a sort of a diminished capacity and people maybe just trying to get home and after a long night of drinking and not intending to confront anybody and they inadvertently confront somebody. The question of negligence then has been decided in all cases after Leocal. Well, obviously, the issue before the Court in that case was whether a DUI offense constitutes a crime of violence. But the reasoning employed by Leocal, I would argue, applies not only to negligence but also to recklessness crimes because the Court in that case focused on the active use of force and the active employment of force and how the Court repeatedly said that use of force requires a volitional act. How can you make that argument when the last paragraph of the Court's opinion explicitly says we're not deciding it? Well, I don't think that the Court... You don't think they meant it when they said that? No, I think that they weren't deciding it because that wasn't the issue before them. All right. So they did not decide it? No, they didn't. But... So you shouldn't use it as authority when they say we did not decide it. Well, but I believe that other cases have in other circuits... Other circuits have, but as far as controlling authority for us, there isn't any controlling authority. No. And I would concede that. However, I would argue that the reasoning employed in Leocal is highly persuasive, if not controlling, on the issue of recklessness and especially in the context of recklessness and criminal negligence as defined in Arizona, which the Arizona definitions are clearly not that unusual in any case. But Arizona courts have held repeatedly that recklessness under the Arizona criminal statute is unintentional acts. Well, counsel, what do we do with Hermoso Garcia, which is a Washington statute, reckless infliction of harm? Would we have to overrule it for you to prevail? No, I don't believe so, because if you read the entire Washington statute that was at issue in that case, it requires the defendant to intentionally assault another and thereby recklessly inflict substantial bodily harm. So the statute at issue in that case wasn't, it did have an intent. What about Lara? How do you look at the Lara Casares case? Well, I believe that the Lara Casares case compels the conclusion that crimes of recklessness are not included in crimes of violence, because although criminal negligence was at issue in that case, so once again it did not address the specific issue here, the reasoning employed by Lara Casares seemed to include reckless conduct because it focuses on the active use of force and it says that the reason why is because gross negligence, as with negligence according to the court in Lara Casares, is still an unintentional act. And to distinguish our prior decision in Trinidad Aquino, where we held that reckless crimes could categorically be crimes of violence. Well, I would argue that It's also a DUI case and it is held under law. Yes. And It was written by some highly regarded members of our court. And my main argument there would be that it was written before Lea Call. And Lea Call changes the scope, even though it may not be controlling because it did not deal with recklessness, I think it definitely changes the scope. And other courts, the Third Circuit and Fourth Circuit, have relied on Lea Call. The language in Trinidad Aquino says that recklessness requires a volitional requirement beyond that where it's missing in negligence. And it also encompasses conscious disregard for potential physical impact on someone or something which is very close to the Arizona definition of To me, having a conscious disregard of the risk to that degree seems to really take it out of what Lea Call was saying, where Lea Call was saying that you know, obviously if someone is driving a car and accidentally hits someone, that's clearly inaccurate. There isn't a volitional act of putting that beyond having too much to drink. I would respond to that in two ways. One, Trinidad Aquino relied almost exclusively on Saron Sanchez, which Laura Casares said to the extent that it is, in contrast, is no longer good law. And I would also point out that in Arizona, recklessness specifically includes when one is unaware of the substantial risk caused due solely to voluntary intoxication. So therefore, under the state... We have, as Judge Bybee pointed out, a domestic violence case. And to me, that is an entirely separate category of cases than a DUI. In fact, I find it hard to even conceive of the situation where someone, a man such as Fernando Ruiz, would... How they could physically, recklessly injure their spouse or family. I mean, it would be a factual situation that even fits the definition of reckless. And the only thing I can think of is they made a deal and he pled to a lesser charge, not that he didn't have some intent to injure his family members. Well, I think that there's numerous examples. But I would point out as a general proposition, it's something that the government stated in their brief that an intoxicated... Granted, in the government's brief, they did say an intoxicated driver. But what the government said is an intoxicated driver is not normally understood to have a conscious awareness that he is engaging in conduct that will result in the employment of force against persons or property. Well, I don't see how you can logically limit that to intoxicated driving. And you could have been convicted under the Arizona statute for a reckless intent being intoxicated. And perhaps instead of driving, it's throwing something. Or stumbling into somebody. As Leah Kahl said, specifically stated, stumbling and falling into a person is not the use of force. Well, under the Arizona statute, if somebody was voluntarily intoxicated and thereby stumbled and fell into another person, they could be convicted under the Arizona statute. That would meet all the requirements of the Arizona statute. What if you're on a slope skiing or snowboarding and you're going pretty fast? This is a serious hypothetical. And let's say you're going really, really fast and your visibility is impaired because of the terrain. You get past a hump and you plow into somebody. Wouldn't you think that that is, you know, at the point that you use excessive speed I mean, this is playing off your hypothetical about stumbling into somebody. You know, of course you weren't out to plow into another skier. But what you did was you propelled yourself down the mountain in such a way that there became a serious risk. And you can do that once, twice, three times, four times, ten times, and there'll be nobody there. But eventually if you keep doing it, it's a mathematical certainty that at some point if you keep doing that kind of behavior, you will hurt somebody. Why is that quite different from stumbling into somebody? I would say that that's recklessness as opposed to inadvertence. Well, and I would say that it's not necessarily that different. But I would also say that in that case, that would not meet the standard for the use of force either. You're not actively intending, you're not actively using, you're not using force. You may be causing injury, but you're not using force. And I think that's an important... I guess it's almost a question of definitions, isn't it? If you do an activity, I mean, so you can reduce it further to saying, okay, let's say you have a revolver with six chambers. You load a bullet in the chamber, spin the barrel, the magazine rather, and point it at a crowd of people and pull the trigger. Well, one out of six times, you're going to injure somebody. Now, I have... I mean, that's what we call recklessness. And I have a hard time saying that, you know, that's different from dropping. Let's say you're holding a gun, you drop it, it goes off and it hurts somebody. Then that's an advertence. There's a certain element of willfulness, of willingly taking a risk with the safety of other people that is involved in the definition of recklessness that at least intuitively strikes me as being more like intent than an advertence. Well, under Arizona law, which is, which would be the controlling law here, the cases take a different approach and say that there is actually very little difference between criminal negligence and recklessness. Because both, and the distinction that the NRE William G. specifically makes is both criminal negligence and recklessness are unintentional. Because to the definition of an intent involves an objective or a purpose. And admittedly, recklessness is incrementally more culpable than criminal negligence. There may be varying degrees of recklessness, too. Judge Kuczynski talked about plowing down the hill in a reckless manner. And he said if you do it seven times or ten times, that's one thing. But if you did it once, it would be reckless. Now, the statute is a categorical, and we apply a categorical approach. So you have to include not just the extreme acts of recklessness, but you'd have to include all acts of recklessness, including the one time you plowed down, is it? Exactly. And that's where I think that recklessness is exactly why recklessness is not included in a crime of violence, because it could be that first time that you hit somebody, and that would not be, although perhaps reckless, and certainly under Arizona law, if somebody was. Would you give the same answer to Judge Reinhart's question? If it were your first time loading a bullet into a magazine, spinning the magazine, and pulling the trigger, pointing it to a crowd on Market Street, would you give me the same answer, or you only did it once? In terms of whether it requires the use of force, I think I might have to give the same answer. I mean, obviously, there is. It would be a most unsatisfying answer if that one time that you did it, you pulled the trigger, and somebody got killed, and you said, gee, I only did it once. There was only one bullet out of six. There was an overwhelming chance that nothing bad would happen. It would just be a click. I think you'd have a hard time arguing that that was not some species of willfulness. And I don't necessarily disagree, but I don't think that's the case here, because if there was a deadly weapon involved, this statute, it would have been aggravated assault. I mean, in Arizona, if a deadly weapon is involved, it would be aggravated assault, not simple assault, which would be a different statute here. And because of the categorical... I understand, but the gun is simply a metaphor. I mean, it's an easy way of explaining the problem. I could construct a hypothetical for you involving a rock being dropped off a building. It would have the same result. It's just... Under the categorical approach, do we look at the most egregious act to see if there's any act of recklessness that might be subject to the act, or do we look to see under the categorical approach whether every act of recklessness would be... Under the categorical approach, you have to look at the least culpable act that could possibly fall under the statute and take that act and decide whether that act qualifies as a crime of violence. But what is that in the context of a domestic violence conviction? Well, I mean, it could be under the Arizona law, it could be so much as tripping and falling while you're voluntarily intoxicated to take the reckless, and tripping and falling into somebody with whom you have a domestic relation or with somebody who you had a former domestic relation. It could be... Well, I know the categories of people that are included, but I can't imagine someone being prosecuted for tripping and falling into their wife. And although you can't maybe imagine it, and I agree that perhaps it wouldn't happen very often, under the categorical approach, you have to look at the least possible of them. Do you have any actual example from Arizona of a fairly harmless reckless act? I do not have any specific examples. But it's all imagination. Yes. Is reckless driving covered by the Arizona assault statute? There's no reason why it wouldn't be. I mean, there is a separate reckless driving statute, but somebody who was convicted of reckless driving could very easily... It would meet all the qualifications. Is any recklessly causing physical injury to another person? If the person in the car happened to be your wife, would that qualify as domestic violence? Yes, it would. Under... It would meet all the elements, whether or not somebody was prosecuted for that, but it would meet all the elements. And... I'm sorry. Could you walk me through that? If, under the Arizona statute, for simple assault with domestic violence, which domestic violence only is under 3601, that it involves the victim, the putative victim is of a certain domestic relation, and it's recklessly causing physical injury. So if you were driving drunk and you ran into, ran over, bumped into anybody, a spouse, a child, a roommate, somebody with whom you lived in a domestic situation, that would meet the requirements of both the statutes under which Mr. Fernandez-Ruiz was convicted. Or if you were driving intoxicated with somebody in a domestic relation in the car with you and ran into something and that caused injury to that person. I don't think driving a car is one of the 23 enumerated crimes that can constitute domestic violence under Arizona law. Domestic violence is not... There's 23 separate statutes under which, some of which I agree for domestic violence conviction, would not constitute recklessness, but we're not talking solely about that. We're talking about domestic violence in conjunction with recklessness. But can you point me to any one of the 23 statutes that if violations, that if they were directed toward the qualified individuals within the statute, would include driving a car? Well, simple assault could. I mean, all that's required under the assault statute is recklessly causing physical injury. It could be by means of a vehicle. It could be by means of any instrumentality. So it's not limited to... I would argue that reckless driving is subsumed within the simple assault statute. Isn't that also its own statute, though, reckless driving? Yes, it is. But you have to, under the categorical approach, assume the least possible conviction, and he could have been convicted for that act. I will cede the floor to Ms. Marcus. Good morning. My name is Lynn Marcus, and thank you for hearing from amici today. Do you want to reserve any time for rebuttal? Because the time left is your total time. It will be four minutes. Thank you. I represent five organizations that assist immigrants, many of whom have been long-term residents since they were infants with all of their family members here. The offense that we're considering here is one of the most common that you see in municipal courts throughout the country. And you don't see a lot of litigation that rises. These cases are pro se. These cases are often just sentencing. And, yes, you have police arresting and people are prosecuted all the time for a scratch, for no injury. Domestic arguments, loud arguments, lead to arrests all the time. Thousands of permanent residents will be separated from their U.S. citizen and permanent resident family members if you rule that either this statute constitutes a crime of violence or a crime involving moral turpitude. Well, the fact that it would exclude thousands of people or tens of people, that's not really what we're focusing on. That's true, Your Honor, but I... Because, you know, obviously, I see it as, if legal really should be limited just to DUI cases, I think, then, that's problematic for your position. Leocal cannot be limited to DUI cases because the focus in Leocal is on the mens rea and on accidents versus what? It has to be, in my opinion, versus purposeful conduct. As this Court said in line... Chief Justice in Leocal, though, distinguished between the DUI cases and then talks about burglary type of cases makes a reference. And, you know, my question is why isn't a domestic violence case more like the burglary case that the Chief is talking about and so it therefore could be a crime of violence? A domestic violence case is any assault under the statute or any of a number of offenses that involve a former cohabitant, a current cohabitant, as I think was mentioned, a former roommate. And DUI is not a separate type of offense. A person can recklessly... A person can... DUI is... I think for people that have done a lot of criminal law, DUI is... And people, when they get in the car, they're drunk, they don't get in the car to really... I mean, they just have to get home. And, you know, if they're not saying, hey, I want to hurt someone, they're just irresponsible about their behavior. Whereas, I think, as Judge Wardlaw said, it's hard for those people that have done criminal law cases to conceive of a domestic violence case where some sort of violence isn't used in it. Well, for example, if I were to leave some kind of hazardous or toxic material within the reach of a child or in a container where it wasn't clear what it was, that would be a reckless act with no force involved that could constitute domestic violence because of the identity of the victim. If I were to drive, and my ex-roommate was in the car, and I were to drive drunk, I could be convicted, as was Saron Sanchez, under the recklessness for reckless assault. With Saron Sanchez, it was 13-1204, because there was also a deadly weapon, which was the car. But Saron Sanchez could have also been convicted under 13-1203. Reckless driving involves the exact type of recklessness, reckless assault, the exact type of accidental conduct that the Supreme Court said does not involve the use of force. And use of force implies volition. The use of force against a person. There are a number of factual scenarios. If I, for example, since voluntary intoxication is sufficient to constitute a reckless mens rea in Arizona, if I get drunk and drive and injure somebody, my passenger, that's a conviction under this statute. When you look in Leocal, when they're talking about the burglary, the comment is that a burglary is a crime of violence not because the offense can be committed in a generally reckless way or because someone may be injured, but because burglary by its very nature involves a substantial risk that the burglar will use force against the victim in completing the crime. Now, why isn't that domestic violence? Why isn't burglary domestic violence? Now, why doesn't domestic violence fall into the category that Leocal is talking about, burglary, as opposed to DUI? Because a person, if you're looking at the minimum conduct that could constitute reckless assault, it can be any of a range of accidental conduct. And what this Court said in Lara Casares is that with gross negligence in the manslaughter context, there is no intent as to force against a person. I may intend to get drunk. I may intend to fling a vase across the room, but I have no intent to. Could you go back to giving the examples you were starting to give about the types of acts that would qualify? Sure, Your Honor. As you know, and this is a totally separate point, there's a difference between injury and force that many courts have recognized, so that if I were to leave out hazardous materials in a reckless way, that would involve no force against anyone, but it's an example that would constitute reckless assault if someone were to get injured. Throwing a fire pan against the wall? If I threw a fire pan, if I threw a vase, if I threw anything I throw, whether I'm drunk and have absolutely no intent to hit anyone, or whether I'm not drunk, but have no intent to use force against anyone. The intent to use of force is exactly what the words, more or less the words that this court used in Lara Casares. Also, in Lara Casares the court said, the court, the element, the mens rea was, oh, I better not get any further because I don't want to take away from rebuttal time of Petitioner's Counsel. Thank you. Good morning. May it please the court. I'd like to begin by addressing a couple of points that were made by counsel. Counsel said that common law battery does not include negligence. That's not correct. Or, excuse me, counsel said that common law battery   negligence. That's not correct. The common law battery does not include negligence. That's not correct. The common law battery, criminal battery, does include gross negligence. There are three types of mens rea that are applicable in the common law battery situation. It's intentional battery, reckless battery, or grossly negligent. The simple negligence, negligence which was at issue in the Leocal case, does not, cannot constitute a basis for criminal battery under common law. Another point that I'd like to address is that counsel mentioned that an example of a situation under Arizona law which could be domestic assault could be tripping and falling into a domestic partner. That's not correct either because tripping and falling, as in Leocal, is simply an accidental act. It's something that does not involve a mens rea of recklessness. It does not involve an awareness of a risk of danger. Somebody doesn't typically trip and fall because they are aware of a risk of danger and they proceed to trip and fall into the domestic partner or the other person. So that example is also not valid. The example of leaving a container where a child could get to it, a child could injure themselves, also not an example of necessarily of assault under the Arizona statute because that doesn't necessarily involve a use of force. That's more like an act of omission. That's a type of criminal offense that could be Why isn't that recklessly causing a physical injury? The example of leaving the container, it could be recklessness in the sense of reckless endangerment and usually those types of crimes are prosecuted under the statute of reckless endangerment. Doesn't the statute cover that act, recklessly causing a physical injury? You mean doesn't the crime of violence statute cover that? The Arizona statute, 13-1203. The Arizona statute, the assault statute, may or may not cover it. I don't see how you can say it won't. Well, if you have a case, and it's conceivable that Arizona courts could narrow it in application, but if you just look at the language I'm looking at right now, it says a person commits assault by intentionally knowingly or recklessly causing a physical injury to another person. So let's say you leave a vat of caustic alkali substance open or a baby toddler could call and, you know, it spills on you know, he grabs it and spills on him and causes horrible injuries. I don't know that I can't see where this would not be covered. I mean, this is the language of the statute. I'm not aware I'm not aware of any cases in which that type of substance is prosecuted, at least in Arizona is prosecuted under the assault statute. They have better ways of getting at it, in that you've got child endangerment, and you've got statutes that more more precisely deal with that kind of situation, so they don't usually bother to go to the more generic statute because they've got this other statute. I don't think that means that this doesn't apply. It may just mean that when they have a statute that more specifically deals with that situation, they tend to go with that statute rather than going with the more general one. Well, it conceivably could be I think we would concede that at least in that factual situation of leaving the caustic substance out where the child could get it even if it could conceivably be prosecuted under Arizona law it might not qualify as a crime of violence anyway because it may be missing the element of the active use of force against the child but that's certainly not the situation we have here in the more typical type of assault situation where you have an assault against a domestic partner. What exactly do we have here? Well, we have we don't have any factual record. We don't have the conviction record. We don't have a plea agreement so we don't know exactly what behavior or what conduct he pleaded guilty to. Can you look at that under the Leocal decision in any event? Doesn't the Leocal decision preclude applying a modified categorical approach? Well, both any analysis of the crime of violence definition would include necessarily both the categorical... Why doesn't the Supreme Court say that the language of Section 16A requires us to look to the elements and nature of the events of conviction rather than to the particular facts relating to petitioner's crime? Yes, but when the Supreme Court is talking about not looking to the particular facts they're talking about not looking to the actual behavior that resulted in this criminal conviction. But the modified categorical approach is not just looking at the facts it's looking at the facts that he pleaded guilty to and if he pleaded guilty... Oh, there's a few other documents on top of that that are not in this case. So if we were to decide that as a categorical matter that this was not a crime of violence wouldn't you say that because you didn't include evidence having to do with the actual facts of the case? Well, let's say hypothetically, let's say that there were some types of offenses that could be committed under the Arizona Assault Statute that would not be categorically crimes of violence under Section 16A that would mean, it wouldn't necessarily mean that we lose the case, it just means that the case has to go back for development under the modified categorical approach to determine what he actually pled guilty to doing and... But in the record there's nothing that would allow you to apply the modified categorical approach here No. We're stuck with a categorical approach. We're stuck with categorical in this case. Yes. Maybe that's a... So back to my question, what do we have here? As we try to visualize the thing that we are holding a petition as having been convicted of what would visualize this thing as being? Well, we know that he's been convicted of assault and we know that he's received a certain sentence for that assault and so the possible conduct for which he has been convicted and which he pled guilty to includes either a reckless injury, a reckless act that results in injury to the victim or it includes an intentional act that puts the victim in reasonable apprehension of harm or injury. And a reckless act could include acts like leaving the property in a great state of danger in a reckless manner with someone tripped and is injured? Yes, it could. And then under the categorical approach why isn't that the end of the case? Well, because for instance in going back to the discussion about what battery includes and what battery does not include Congress, when Congress enacted Section 16A it included the language that relates to that reflects common law battery and a common law battery all of these things that we're talking about things where you leave a dangerous condition knowing that you're creating a risk that somebody could walk into that dangerous situation and become injured that would constitute a common law battery so it would come under the 16A definition and what I'm saying it might not come under would be the situation if more like an act of omission where somebody is out they're out swimming and they're drowning and the passerby comes by and doesn't help them doesn't do anything to help them or perhaps the situation of leaving the container out where a child could get stuck in the container but not necessarily an active intent or a reckless intent to create the danger to the child the distinctions are pretty refined and I'm not quite sure where the dividing line is but at common law if an individual for instance rolled a boulder out in front of a vehicle and the vehicle slams into the boulder they're not actually applying force to the vehicle it's the vehicle applying force it's own force to the boulder that would still under common law that would still constitute common law battery and so therefore it would be included in the section 16a definition I am meandered and I lost track of your answer to my question and my question was what is it that we have to visualize as being a petitioner's crime you have said we don't know anything about the specific crime all we have is the statutory definition and you have said that the statutory definition can include such things as leaving out caustic materials so a baby could reach it and I believe I heard and I think you don't disagree with the fact that we have to visualize a statute where we don't have a actual combat we have to go with the least culpable state because that's a possibility, right? so don't we basically have to treat this as in fact a situation where he left a can of caustic a vat of acid out where a baby could spill it on himself I don't think we have to visualize this as being because that's a possibility is there any requirement that reasonableness I'm sorry we can visualize number three but doesn't what we visualize have to be reasonable yes well it gets into the question of what would be punishable under this particular assault statute create the most bizarre hypothetical right let's say did you say that use of force is what's required under the federal statute use of force against a person or property of another and use of force is not required under the Arizona statute an injury is required under Arizona but the use of force is not the use of force is considered a subset of what causes an injury and that but you say it can be an injury that does not result from the use of force such as gross reckless conduct let's not use the example that Judge Wardlaw doesn't like about leaving the vat out but recklessness in the construction that you put in the house something which makes it a trap for your people coming into the house you're reckless in what you leave around all kinds of reckless acts that don't involve the use of force are covered by this statute can a tiger leave a vat around the house the the response to that question is really the same as the response before is that under common law it's not necessary to actually use direct force against a person in order to be in order to commit battery the example of my question is whether the Arizona statute does not cover reckless acts to cause injury that would not qualify under the statute for use of force well if we're focusing just on Arizona law the answer also is the same because Arizona has actually held that in the context of Arizona law the injury the act of injuring a person either recklessly or whatever the mens rea is also equivalent there's no substantive difference between that and the use of force the terms are used interchangeably that's state vs. Gordon which we cited in footnote 12 of our brief so under Arizona law there's the answer to the question is no different and just getting back to Judge Wardlaw's question about the reasonableness of applying the categorical approach I think that's an important point because if we have if we come up with hypotheticals that could conceivably in the academic world satisfy the statutory definition but if those types of crimes are never prosecuted in real life and there's no feasible reason  you don't know what is prosecutable in real life all we can know at best is what the public decisions are on point for all we know there's a whole slew of cases in Arizona where people were prosecuted under statute for leaving out caustic materials and injured a baby and they pled guilty and that was the end of it or they were convicted and the appellate court didn't issue a public decision or didn't issue a decision at all so we don't really have any way of knowing what the state of Arizona choose to prosecute under the statute do we well I think the court does have a way of knowing and that is through the case law but the case law is necessarily limited to appellate decisions that's true we don't know anything about the acquitted cases at all we don't know at all about the guilty pleas whatsoever we don't know at all about the convictions where no appeal is taken it's a false reality we think that by looking at appellate cases it's sort of the illusion of law school you think that you go through law school you read all these appellate cases you learn something about the law you're a trial lawyer no doubt you're not just an appellate lawyer you're a trial lawyer yourself you must know that you get out of law school you don't know anything about trials, that whole reality and the same thing here we don't know anything about what Arizona uses to what kind of crimes Arizona prosecutes do we not to be argumentative but I would just reiterate the point that if the court is going to find that the categorical approach is not applicable in a particular case there has to be some reasoning in the law for the court to reach that conclusion we have to use the categorical approach in this case don't we because precisely because of the thing you identified is that there's no factual record there's no plea there's no plea agreement there's no description of the offense it's just the statute and I may have misspoke in the sense that of course in this case and many similar cases the court does apply a modified categorical approach what I should have said was if the court is going to say that the modified categorical approach does not meet the federal generic definition the court has to have a basis for that and if the basis for the court's decision has to be something in the case law to indicate that the definition of the offense that they committed under state law would not meet the federal definition I don't think it's necessarily you haven't had good luck with other circuits in pressing this argument I'm sorry my voice is even more than usual I'll repeat it you have not had great luck in other circuits in pressing this argument I'm not trying to rub it in the real question I'm trying to get at to accept your view we'd have to open up a circuit conflict essentially I believe two circuits have squarely after Leocal come out the other way and none have come out your way and if we were to go your way we would have to open create a circuit split I think that's correct but only with respect to the third circuit I think the third circuit in is really the only circuit that has addressed this issue squarely with an assault statute that is almost identical to the Arizona assault statute so I do agree at least with respect to the third circuit that the court's decision would create a split in a nutshell where did the third circuit go wrong the third circuit went wrong in equating equating negligence with recklessness that's where the third circuit has gone wrong it's also where the second circuit went wrong in Jobson the third circuit is incorrectly assuming that if somebody commits a reckless act that that is purely accidental it's purely negligent it's not when somebody commits a reckless act they have an awareness of the risk that they're creating and they go ahead and they do it anyway and that's the difference and that's why the third circuit decision is actually not required under lay account and also the third circuit went wrong in Popal in its analysis in its analysis of the legislative history because it went into the legislative history and said oh okay for assault there has to be specific intent but it ignored the fact that that's only for common law assault which is an attempted battery or threatened battery it ignored the fact that under battery specific intent is not required lesser can be can comprise a common law battery yes I take a note here you said that in the law of Arizona as I understood it in the Gordon case there is an interpretation by the state of Arizona that assault requires a use of force against a person in other words it can't be recklessness or does it equate recklessness with the use of force against a person I may have misspoke but under Arizona law recklessness could be sufficient to for conviction of assault under Arizona law there's no Arizona case holding that active use of force is a requirement under the assault statute no there is that would actually be the state versus Gordon because the terms use of force use of force and injury are considered to be the equivalent under Arizona law I think state versus Gordon was actually interpreting the predecessor Arizona statute it wasn't interpreting the current statute but the terms in both statutes are identical the current statute is recklessly intentionally or knowingly causing an injury and under state versus Gordon the causing of injury is the equivalent of the use of force at least under Arizona law there's no plausible argument that somebody could cause an injury without actually using force is that the statute that Mr. Ruiz was convicted of that he pled guilty to in this case no it was actually that was the predecessor but the terminology in the statute is the same but reckless conduct can cause the injury reckless conduct can cause the injury under Arizona law reckless conduct yes and you say that reckless conduct that causes an injury is under Arizona law considered a use of force under Arizona law it would include reckless conduct causing injury would include as a legal matter would include the use of force under this state versus Gordon case that I mentioned so maybe this three judge panel in this case got it right when it said referring to the two sections 13.203a 13.203b both of these subsections require quote the use attempted use or threatened use of physical force against the person or property of another and thus are crimes of violence under 16a I certainly agree that the three judge panel in this case got it right on all points can I ask a question about the record at ER 181 this record is sparse excuse me your honor can I ask you what's the administrative records 181 181 and it's the 2003 assault and domestic violence okay and what's the question the third offense violation down I think it says DV slash DOC plus one what was that that's a domestic violence disorderly conduct and that's not that's not an issue in this case we don't contend that that that is a that meets the definition of a crime of violence counsel I'm looking at pages 9 and 10 of the amici's amended brief their new brief and I'm specifically looking also at footnote 7 they make the argument that under Arizona a lack of awareness of an unjustifiable risk due to voluntary intoxication would establish recklessness do you agree with that they argue in footnote 7 that a DUI causing injury may result in a conviction for reckless assault under Arizona law under Arizona law that's correct if somebody gets involved in a drunk driving accident and if their mens rea is recklessness and they injure somebody they can't rely on intoxication as an affirmative defense to that conviction that's correct okay now how do you score that with Leocal what's the difference between what Arizona requires here because Leocal does not involve a higher mens rea of recklessness the difference being that in Leocal the state statute issue there did not require a showing of recklessness is that the only difference but otherwise precisely the same acts that is a DUI causing injury in Arizona could be an act of violence if Arizona shows that there was recklessness involved in other words you've got a higher mens rea but otherwise it is a DUI causing injury which is exactly what the court just approved in Leocal that's true but the finding of recklessness usually involves some other behavior going beyond just getting into the car and turning on the ignition and driving somewhere while you're intoxicated the recklessness usually involves some aggravating factors such as going 100 miles an hour in a 50 mile zone or perhaps going through a stop sign or running a red light I think those are consistent with the cases that petitioner cited that's the kind of thing you're going to do if you get into your car drunk that's true but not necessarily but you're obviously much more apt to do those things if you get into the car drunk than if you don't that's true sir but the examples that I gave were in response to the question of what's the difference between Arizona reckless DUI involving an injury and Leocal how does that constitute use in a way that Leocal would recognize use of force well under Arizona law whatever they were doing whether it's going through the light or going 100 miles an hour they've gotten into some kind of an accident and they've caused somebody an injury so the injury itself is the use of force it's not the act of getting into the car and driving is not the use of force it's the consequence of doing that that's what comprises the crime can I get your attention back to page 181 that Judge Wardlaw asked you about sure do you have it there you said that C the last time you were there was not which is the one we're talking about here what was the question again you answered Judge Wardlaw asked you about this item C DV slash DCC class 1 and you said you're not relying on that which one are you relying on here it's item A the offense that we're referring to here and it's an issue in this case and what does this class 1 and class 2 mean that means that the class the class of sentencing and is that a conviction issue a sentencing issue yeah it's a sentencing issue he was convicted of class 1 domestic violence disorderly conduct which I believe that is the highest class of misdemeanor offense and so he could get up to 6 months it's a classification for sentencing purposes yes what do we derive from this class 1 and class 2 business is there anything that tells us lets us narrow the scope of the yes it does where is I just have to grab the statute the statute itself isn't that part B of which section under Arizona revised statutes this is I'm looking at 1203 A1 1203 A1 and that's 1203 A are the different types of assaults that can be committed now if you look at 1203 B it says assault committed intentionally or knowingly pursuant to subsection A paragraph 1 is a class 1 misdemeanor so what that means is that this part citation number I see so the fact that it's class 2 means it was under the reckless component yes it was not intentional or knowing it was reckless I got it what this means is that this citation C was a class 1 misdemeanor which means that it was committed intentionally or knowingly in short there's no doubt that he was convicted of committing a reckless act the one you're relying on clearly involved recklessness well it's recklessness except that he could have been since he was convicted of class 2 if we read from class 2 this is 1303 B assault committed recklessly pursuant to subsection A paragraph 1 or assault pursuant to subsection A paragraph 2 is a class 2 misdemeanor that means he could have committed the offense either recklessly causing an injury or intentionally placing this is 1303 A2 intentionally placing another in reasonable apprehension of imminent physical injury you have used your time  thank you your honors I'd like to address a few points brought up by Mr. Andre and one that I think that is very important is in Staten vs. Gordon which is the case that the government relies heavily on to equate the use of the harm reckless substantial risk of harm with use of force it was a predecessor statute but the actual language that was at issue in that case was very different and it was Staten vs. Gordon held that proof that the defendant threatened to use force constitutes an attempt to commit physical injury which is different than saying that the use of force and causing physical injury are the same and I would just like to clarify that it wasn't the same statute it wasn't even the same language it was a threatened use and attempted use both of which threatened and attempt are intentional crimes and require specific intent also on that note the 9th Circuit has held in United States vs. Hernandez-Castellanos that a crime for a crime based on recklessness to be a crime of violence under Section 16b the crime must require recklessness as to or conscious disregard of a risk that physical force will be used against another not merely the risk that another might be injured so there is a distinction between a risk of injury and a risk of force and there is no Arizona case that holds that those are the same and State vs. Gordon does not do that do you know the total number of circuits that have held that intentional crimes are required rather than reckless Judge Kaczynski mentioned two post-Leocal the 3rd and the 4th Circuit post-Leocal how about the ones pre-Leocal the 2nd, the 5th and the 7th had all held pre-Leocal that so that the circuit split would be with not just one but with five of the circuits yes as it states right now and actually the 4th I'm sure I'm saying that wrong relied extensively on Leocal and said that the Leocal reasoning strongly indicates that the results in Leocal would have been the same even had a violation of the statute there required recklessness rather than mere negligence also I just um I forgot where I put it sorry and also in just getting back to the DUI in Saron Sanchez the factual basis for that was a DUI so to the extent that the cases rely on Saron Sanchez I think that Leocal strongly undermines that and also there is nothing in Leocal that although at issue there was a DUI that limits it strictly to DUI as opposed to any other sort of drunken offense which under Arizona law voluntary drunkenness would be recklessness and would be the same lack of use of force that was at issue in Leocal and Mara Casares your time has expired thank you very much your honor all rise
judges: Schroeder, Reinhardt, Kozinski, Noonan, O'scannlain, Hawkins, Wardlaw, Clifton, Bybee, Callahan, Bea